LOCKE LORD BISSELL & LIDDELL LLP
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: 213.485.1500
Facsimile: 213.485.1200

Jason L. Sanders (SBN: 230245)
jsanders@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: 214.740.8000
Facsimile: 214.740.8800

Attorneys for Plaintiff
CARRETEIRO ALIMENTOS, LTDA

NOTE: CHANGES MADE BY THE COURT

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARRETEIRO ALIMENTOS, LTDA, a Brazilian Limited Liability Company,<br><br>Plaintiff,<br>vs.<br><br>AMERICAN KADI HOME EXPORT, LLC, a California Limited Liability Company; JOSEPH HAFEZ, an Individual,<br><br>Defendants. | CASE NO. CV10-00593 JFW (FMOx)<br><br>Honorable John F. Walter<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS AMERICAN KADI HOME EXPORT, LLC AND JOSEPH HAFEZ**<br><br>**DATE: September 13, 2010**<br>**TIME: 1:30 p.m.**<br>**COURTROOM: 16** |

This matter is before the Court on Plaintiff Carreteiro Alimentos, LTDA's ("Plaintiff") Motion for Default Judgment against Defendant American Kadi Home Export, LLC ("American Kadi") and Defendant Joseph Hafez (collectively, "Defendants") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

The Court, having considered the Motion, and being fully advised, hereby orders as follows:

**JURISDICTION AND SERVICE**

**IT IS ORDERED, ADJUDGED** and **DECREED** that:

(a) This court has jurisdiction over all the parties and all of the claims set forth in the First Amended Complaint.

(b) American Kadi was properly served pursuant to Rule 4(h) of the Federal Rules of Civil Procedure.

(c) Joseph Hafez was properly served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

**DAMAGES**

**IT IS ORDERED, ADJUDGED** and **DECREED** that Plaintiff shall have and recover from and against American Kadi the sum of $907,200.00 in damages, plus prejudgment interest pursuant to Section 3289 of the California Civil Code at a rate of ten percent (10%) per annum and post-judgment interest on the entire amount of the judgment, including damages and prejudgment interest, pursuant to Title 28, Section 1961 of the United States Code.

**IT IS ORDERED, ADJUDGED** and **DECREED** that Plaintiff shall recover its costs incurred in this action pursuant to Section 54(d)(1) of the Federal Rules of Civil Procedure pursuant to Local Rule 54-3.

**DECLARATORY JUDGMENT**

**IT IS ORDERED, ADJUDGED** and **DECREED** that Plaintiff is entitled to declaratory relief on the claims set forth in the First Amended Complaint. Accordingly,

**IT IS ORDERED, ADJUDGED** and **DECREED** that the Joint Venture Agreement executed on July 31, 2009, and effective as of August 1, 2009, between Plaintiff and American Kadi is hereby terminated, cancelled, and declared null and

void. (The Joint Venture Agreement is attached hereto and incorporated by reference as Exhibit "A.")

**IT IS ORDERED, ADJUDGED** and **DECREED** that the Power of Attorney that Plaintiff granted to Joseph Hafez on July 31, 2009, is hereby terminated, cancelled, and declared null and void. (The Power of Attorney is attached hereto and incorporated by reference as Exhibit "B.")

**IT IS ORDERED, ADJUDGED** and **DECREED** that Plaintiff is hereby authorized to unilaterally dissolve and cancel the Joint Venture Limited Liability Company called "American Kadi-Carreteiro Group LLC" (California Secretary of State File No. 200921910193). Plaintiff's President, Jair Camargos Zille, is hereby authorized to unilaterally cancel the Articles of Organization of American Kadi-Carreteiro Group LLC. Specifically, Plaintiff's President, Jair Camargos Zille, is hereby authorized to unilaterally file a Certificate of Dissolution (Form LLC-3), the Certificate of Cancellation (Form LLC-4/7) and any other forms necessary to dissolve and cancel American Kadi-Carreteiro Group LLC. (The Certificate of Dissolution (Form LLC-3) and Certificate of Cancellation (Form LLC-4/7) are attached hereto and incorporated by reference as Exhibits "C" and "D," respectively).

### INJUNCTIVE RELIEF

**IT IS ORDERED, ADJUDGED** and **DECREED** that Plaintiff is entitled to injunctive relief on the claims set forth in the First Amended Complaint. Accordingly,

**IT IS ORDERED, ADJUDGED** and **DECREED** that American Kadi's following conduct constitutes unfair competition as defined by Section 17200 of the California Business and Professions Code and has caused substantial and irreparable harm to Plaintiff, and will continue to cause substantial and irreparable harm to Plaintiff unless enjoined pursuant to Section 17203 of the California Business and Professions Code:

(a) falsely representing to Plaintiff that it was in possession of 45,000 tons of No. 2 yellow grade corn to induce Plaintiff to enter into the Agreement;

(b) failing to return the money that Plaintiff tendered to American Kadi in connection with the performance bond, after American Kadi failed to perform under the terms of the Agreement;

(c) making false representations regarding the origin of the yellow corn, both orally and in writing; and

(d) threatening to continue using the Joint Venture Agreement and Power of Attorney, despite Plaintiff's express request to terminate the Joint Venture Agreement and Power of Attorney.

**IT IS ORDERED, ADJUDGED** and **DECREED** that American Kadi's following threat constitutes unfair competition as defined by Section 17200 of the California Business and Professions Code and has caused substantial and irreparable harm to Plaintiff, and will continue to cause substantial and irreparable harm to Plaintiff unless enjoined pursuant to Section 17203 of the California Business and Professions Code:

the Joint Venture contract between us has NOT been cancelled yet on our side and is still valid until August 2010.  We do have Power of Attorney as mandated by the terms of the contract and we are capable of doing extensive harm to Carreteiro.

**IT IS ORDERED, ADJUDGED** and **DECREED** that American Kadi and Joseph Hafez, and each and all of their, past and present officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, agents, employees, attorneys, accountants, investigators, consultants, heirs, servants, associates, representatives, beneficiaries, relatives, independent contractors, and all other persons or entities acting or purporting to act for them or on their behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with American Kadi and/or Joseph Hafez, or their past and present officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, agents, employees, attorneys, accountants, investigators, consultants, heirs, servants, associates,

representatives, beneficiaries, relatives, independent contractors, and any and all persons and entities in active concert and participation with American Kadi and/or Joseph Hafez who receive notice of this order, shall be and hereby are **PERMANENTLY RESTRAINED AND ENJOINED** from:

 using, marketing, advertising, and/or promoting the Joint Venture Agreement and/or Power of Attorney in any conceivable way;

 soliciting, receiving, and/or accepting any business in connection with the Joint Venture Agreement and/or Power of Attorney;

 making false statements in connection with the Joint Venture Agreement and/or Power of Attorney;

 engaging in any conduct or activity in connection with and/or reliance on the Joint Venture Agreement and/or Power of Attorney;

 engaging in any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising pursuant to Section 17200 of the California Business and Professions Code in connection with the Joint Venture Agreement and/or Power of Attorney;

 representing to any person or entity, expressly or by implication, that the Joint Venture Agreement and/or Power of attorney has not been terminated, cancelled, and declared null and void, or words of similar import;

 misrepresenting to any person or entity, expressly or by implication, the relationship between Plaintiff and American Kadi and/or Joseph Hafez in connection with the Joint Venture Agreement and/or Power of Attorney;

 using and/or acting through the Joint Venture or Power of Attorney in any respect; and

 representing to any person or entity, expressly or by implication, that Joseph Hafez has a Power of Attorney to act on behalf of Plaintiff as its agent or attorney-in-fact, with respect to: (i) banking and other financial institution transactions, (ii)

business operating transactions, (iii) insurance and annuity transactions; (iv) tax matters; and (v) any other power set forth in the Power of Attorney.

This is the final, appealable judgment entered in this matter disposing of all claims asserted by or against all parties, and all relief not expressly granted herein is hereby denied.

The Court orders that such judgment be entered.

SIGNED this the 9th day of September, 2010.

_____
Honorable John F. Walter
United States District Judge